**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALIYA MEDCARE FINANCE, LLC, | NO. CV 14-7806-VAP(Ex) |
| Plaintiff, | |
| v. | CERTIFICATION AND ORDER |
| ROBERT P. NICKELL, ET AL A., | TO SHOW CAUSE RE CONTEMPT |
| Defendants. | |

The Magistrate Judge has read and considered all papers filed in connection with "Comprehensive Toxicology Billing, LLC's Motion for (1) Contempt, etc." ("the Motion") filed February 8, 2016. On March 4, 2016, the Magistrate Judge heard oral argument on the Motion.

IT IS ORDERED that Robert Nokley ("Nokley") shall appear on May 9, 2016, at 2:00 p.m., in the Courtroom of the Honorable Virginia A. Phillips, United States District Judge, at 255 East Temple Street, Courtroom 780, Los Angeles, California 90012, and then and there to show cause, if any, why Nokley should not be adjudged in

contempt by reason of the facts certified herein.

In accordance with 28 U.S.C. section 636(e), the Magistrate Judge certifies the following facts:[1]

    1. Nokley, a non-party resident of Nevada, appeared in Los Angeles for a deposition in this action on August 11, 2015 (Exhibit B to Declaration of Steven Goldberg, filed October 22, 2015). Nokley appeared at the deposition without an attorney. <u>Id.</u> At the deposition, Nokley answered some questions and refused to answer other questions. <u>Id.</u> Nokley acknowledged that he previously had been served with a subpoena demanding documents. <u>Id.</u> at p. 14). Nokley produced some but not all of the documents demanded in the subpoena. <u>Id.</u> at 14-15.

    2. Comprehensive Toxicology Billing, LLC ("CTB") sought to bring a motion to compel Nokley to answer certain of the unanswered deposition questions and to produce the remaining documents demanded in the subpoena. Through communications from counsel for CTB, Nokley became aware of

---

[1] The question of whether Nokley should be held in contempt on these certified facts, and the question of the appropriate sanctions to be imposed, if any, are commended to the District Judge for her consideration. <u>See</u> 28 U.S.C. § 636(e); <u>see also</u> <u>Bingman v. Ward</u>, 100 F.3d 653, 658 (9th Cir. 1996), <u>cert. denied</u>, 520 U.S. 1188 (1997); <u>Taberer v. Armstrong World Industries, Inc.</u>, 954 F.2d 888, 903-908 (3rd Cir. 1992). The limited contempt powers granted to Magistrate Judges in the "Federal Courts Improvement Act of 2000" do not extend to the circumstances presented in the instant case. <u>See</u> 28 U.S.C. § 636(e).

        CTB's intention to file such a motion to compel (Exhibits A and B to Supplemental Declaration of Steven Goldberg, filed October 22, 2015). However, Nokley expressly declined to participate in formulating a Local Rule 37 joint stipulation in connection with the intended motion (Exhibit B to Supplemental Declaration of Steven Goldberg, filed October 22, 2015).

        3. On October 22, 2015, CTB filed "Defendants' Unopposed Motion to Compel Robert Nokley to Provide Answers to the Deposition Questions and to Produce Withheld Documents." Nokley did not file any opposition to this motion and did not appear at the December 4, 2015 hearing on the motion.

        4. The Magistrate Judge had the authority to compel Nokley to appear for a further deposition and to produce the remaining documents demanded in the subpoena, notwithstanding Nokley's non-party status and Nevada residence. See Rockwell International, Inc. v. Pos-A-Traction Industries, Inc., 712 F.2d 1324, 1325 (9th Cir. 1983).

        5. The Magistrate Judge filed an "Order Re: Defendants' Unopposed Motion to Compel, etc." on December 4, 2015. This order required Nokley to appear for a further deposition in Los Angeles County on a date and time to be set by the parties but no later than January 15, 2016. The order required Nokley to provide answers to the previously

1  unanswered deposition questions.  The order also required
2  Nokley to produce (at the time of the further deposition)
3  all documents responsive to the subpoena.

5  6.   On December 7, 2015, by email and regular mail,
6  counsel for CTB sent Nokley copies of the Magistrate
7  Judge's December 4, 2015 order and an amended notice of
8  deposition, which set Nokley's further deposition to occur
9  on January 7, 2016 (Exhibit A to the Declaration of Steven
10 Goldberg, filed February 8, 2016).

12 7.   Nokley admits he had actual advance notice of the
13 scheduled January 7, 2016 deposition (Joint Stipulation,
14 filed February 8, 2016, at p. 12, lines 12-14).  Nokley did
15 not appear at the January 7, 2016 deposition (Exhibit C to
16 Declaration of Steven Goldberg, filed February 8, 2016).

18 8.   CTB then sought to bring the present Motion requesting
19 contempt sanctions.  Nokley participated pro se in the
20 formulation of a Local Rule 37 joint stipulation in
21 connection with the Motion.  The Motion and the joint
22 stipulation were filed on February 8, 2016.  The Motion
23 noticed a March 4, 2016 hearing before the Magistrate
24 Judge.  Nokley did not appear at the March 4, 2016 hearing.

26       DATED: March 7, 2016.

27                               /s/
                          CHARLES F. EICK
28                    UNITED STATES MAGISTRATE JUDGE