JS-6

FILED
CLERK, U.S. DISTRICT COURT
6/12/17
CENTRAL DISTRICT OF CALIFORNIA
BY: PS ~~BH~~ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Comprehensive Toxicology Billing, LLC,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>Erik Nord, et al.,<br><br>Defendants. | Case No. LACV 14-07806 VAP(Ex)<br><br>**JUDGMENT** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

This action came on regularly for trial on April 4, 2017, in Courtroom 8A of the above entitled Court, the Honorable Virginia A. Phillips, Chief United States District Judge presiding. Counterclaim Plaintiff and Counterclaim Defendant-in-Reply Comprehensive Toxicology

Billing, LLC ("CTB"), and Counterclaim Defendant-in-Reply Robert Nickell (collectively, "CTB Parties") appeared by their attorneys, Steven M. Goldberg, Prana A. Topper, and Emil Petrossian of the law firm Manatt, Phelps & Phillips LLP. Counterclaim Defendant and Counterclaimant-in-Reply Aliya Medcare Finance, LLC ("Aliya"), and Counterclaim Defendants Erik Nord, Comprehensive Toxicology Services, Inc., and Upton Park Financial, LLC (collectively, "Aliya Parties"), appeared by their attorneys Kevin M. Yopp of the Law Offices of Kevin M. Yopp, APC, and Richard William Buckner of the law firm Glaser Weil Fink Howard Avchen & Shapiro LLP.

On March 14, 2016, CTB filed a third amended counterclaim ("TACC"), the operative counterclaim in this matter. (Doc. No. 291.) On May 2, 2016, Aliya filed a counterclaim in reply ("CCIR"), the operative counterclaim in reply in this matter. (Doc. No. 292.)

On June 24, 2016, this Court granted the Aliya Parties' motion to dismiss CTB's claims that rely on an alter ego theory of liability. (Doc. No. 336.)

On August 16, 2016, this Court granted in part and denied in part the CTB Parties' motion to dismiss Aliya's CCIR. (Doc. No. 357.) In that order, the Court dismissed Aliya's second, seventh, eighth, and ninth

counterclaims in reply--for concealment (against Nickell and CTB), intentional interference with contractual relations (against Nickell, ChemBio, and the Doe Counterclaim Defendants-in-Reply), breach of contract (against Exec Billing), and violation of section 17200 of the California Business and Professions Code (against Nickell), respectively. (Doc. No. 357 at 24.) The Court also dismissed all counterclaims in reply to the extent that they rely on the first or second agreement between Aliya and CTB. (Id.)

On March 7, 2017, pursuant to stipulations filed by the parties, the Court dismissed Counterdefendants Henrik Sten, Allan Alvarado, and Zarfeen Samani with prejudice. (Doc. Nos. 547, 548.)

On January 10, 2017, this Court granted the Aliya Parties' motion for partial summary judgment to the degree it sought to establish ownership over the receivables Aliya purchased and paid for between March 28, 2013, and October 31, 2014, with the exception of the receivables that Aliya rejected on October 19, 2014. (Doc. No. 507 at 44.) The Court also granted the CTB Parties' Motion for Summary Judgment as to Aliya's lockbox account waiver. (Id.)

On April 4, 2017, a jury of eight persons was regularly impaneled and sworn to try the action.[1] Witnesses were sworn and testified.

On April 13, 2017, the Aliya Parties voluntarily dismissed their claims for negligent misrepresentation and fraud in the inducement.

On April 14, 2017, this Court granted the Aliya Parties' motion for judgment as a matter of law as to CTB's claims for Lanham Act violations, trademark infringement under Nevada common law, and breach of fiduciary duty. (Doc. No. 603 at 1-2.)

Also on April 14, 2017, after hearing the evidence, the arguments of counsel and the instructions given to the jury, the jury retired to consider its verdict. On the same date, the jury returned its special verdict by way of answers to the questions propounded to it as follows:

---

[1] Upon consent of the parties, one juror was dismissed due to health issues on the second day of trial.

4

**CTB's Breach of Contract Claim**

1. Has Comprehensive Toxicology Billing, LLC ("CTB") proved its claim against Aliya Medcare Finance, LLC ("Aliya") for breach of contract?

    Answer "yes" or "no"

    Answer: **No.**

If your answer is "yes", please answer Question No. 2.
If your answer is "no", please proceed to Question No. 4.

. . .

4. Has Aliya proved its claim against CTB for breach of contract?

    Answer "yes" or "no"

    Answer: **Yes.**

If your answer is "yes", please answer Question No. 5.
If your answer is "no", please proceed to Question No. 7.

5. Did Aliya suffer damages as a result of the breach of contract?

    Answer "yes" or "no"

    Answer: **Yes.**

If your answer is "yes", please answer Question No. 6.
If your answer is "no", please proceed to Question No. 7.

6. What amount of damages do you find should be awarded to Aliya for breach of contract against CTB?

Answer in Dollars and Cents: $**10 Million**

Please proceed to Question No. 7.

### ALIYA'S CONVERSION CLAIM

7. Has Aliya proved its claim against for conversion?

   Answer "yes" or "no" as to each party

   CTB: **Yes**     Robert Nickell: **No**

If your answer is "yes" as to either CTB or Robert Nickell, or both, please answer Question No. 8. If your answer is "no", as to both CTB and Robert Nickell, please proceed to Question No. 11.

8. Did Aliya suffer damages as a result of the conversion?

   Answer "yes" or "no"

   Answer: **Yes.**

If your answer is "yes", please answer Question No. 10. If your answer is "no", please proceed to Question No. 11.

9. As to any party to whom you answered "yes in response to Question No. 7, what amount of damages do you find should be awarded to Aliya for conversion?

   Answer in Dollars and Cents

   As to CTB: $**4.6 Million**   As to Robert Nickell: $**0**

Please answer Question No. 10.

10. Do you find that CTB or Robert Nickell acted with malice, oppression, or fraud in committing conversion such that Aliya should be awarded punitive damages?
    Answer "yes" or "no" as to each party
    CTB: **No**    Robert Nickell: **No**
Please proceed to Question No. 11.

### ALIYA'S CLAIM FOR PROMISSORY FRAUD

11. Has Aliya proved its claim for promissory fraud?
    Answer "yes" or "no" as to each party
    CTB: **No**    Robert Nickell: **No**
If your answer is "yes", as to either CTB or Robert Nickell or both, please answer Question No. 12. If your answer is "no", as to both CTB and Robert Nickell, please have the Presiding Juror sign the Special Verdict form.

. . .

DATED this **14th** day of **April**, 2017.
        /s/_____
        Presiding Juror

    Aliya's counterclaim in reply for imposition of alter ego liability against Robert Nickell was tried to the Court on April 21, 2017. After hearing the evidence and the arguments of counsel, the Court took the matter under

7

submission. On June 9, 2017, the Court issued its decision, denying Aliya's claim for alter ego liability against Robert Nickell. (Doc. No. 605.)

By reason of the verdict and orders described above, **NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED THAT:**

1. Pursuant to the Court's June 24, 2016 order, judgment is entered in favor of Aliya on CTB's counterclaims to the degree they rely on an alter ego theory of liability.

2. Pursuant to the Court's August 16, 2016 order, judgment is entered in favor of Nickell and CTB on Aliya's second, seventh, eighth, and ninth counterclaims in reply---for concealment (against Nickell and CTB), intentional interference with contractual relations (against Nickell and ChemBio), breach of contract (against Exec Billing), and violation of section 17200 of the California Business and professions Code (against Nickell), respectively. Also pursuant to that order, judgment is entered in favor of CTB on all of Aliya's counterclaims in reply to the degree that they rely on the first or second agreement.

3. Pursuant to Aliya's voluntary dismissal during trial, Aliya's counterclaims in reply for negligent

misrepresentation and fraud in the inducement were DISMISSED without prejudice.

4. Pursuant to the Court's April 14, 2017 ruling, judgment is entered in favor of Aliya on CTB's counterclaims for Lanham Act violations, trademark infringement under Nevada common law, and breach of fiduciary duty.

5. Pursuant to the jury's April 14, 2017 special verdict:

    a. Judgment is entered in favor of Aliya on CTB's counterclaim for breach of contract;
    b. Judgment is entered in favor of CTB and Robert Nickell on Aliya's counterclaim in reply for promissory fraud;
    c. Judgment is entered in favor of Robert Nickell on Aliya's counterclaim in reply for conversion;
    d. Judgment is entered in favor of Aliya on its counterclaim in reply against CTB for breach of contract, in the amount of $10,000,000.00;
    e. Judgment is entered in favor of Aliya on its counterclaim in reply against CTB for conversion, in the amount of $4,600,000.00;
    f. Judgment is entered in favor of CTB on Aliya's counterclaim in reply for punitive damages;

      f.    Aliya shall recover its costs of suit on its counterclaims in reply for breach of contract and conversion against CTB, as taxed by the Clerk; and

      g.    Post-judgment interest will accrue as set forth in 28 U.S.C. § 1961, all such post-judgment interest to run until the Judgment against CTB is paid in full.

6. Pursuant to the Court's June 9, 2017 Order, judgment is entered in favor of Robert Nickell and CTB on Aliya's counterclaim in reply for alter ego liability.

The Court orders that such judgment be entered.

Dated: 6/12/17

                    VIRGINIA A. PHILLIPS
          Chief United States District Judge